IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

KEITH NATION                                                                                    PLAINTIFF

vs.                                       Civil No. 1:10-cv-01010

SOUTH ARKANSAS DEVELOPMENTAL CENTER                              DEFENDANT
FOR CHILDREN AND FAMILIES, INC.

**REPORT AND RECOMMENDATION**
**OF A UNITED STATES MAGISTRATE JUDGE**

Before this Court are Defendant's Motion to Dismiss (ECF No. 6) and Plaintiff's Motion for Summary Judgment (ECF No. 16). Plaintiff responded to Defendant's Motion to Dismiss on June 22, 2010, and Defendant responded to Plaintiff's Motion for Summary Judgment on July 1, 2010. On August 25, 2010, both of these motions were referred to this Court by the United States District Judge Harry F. Barnes pursuant to 28 U.S.C. § 636(b)(1). ECF No. 21.

This Court held a hearing on these motions on September 24, 2010. ECF No. 24. Based upon the pleadings and the information presented at this hearing, this Court recommends that Defendant's Motion to Dismiss (ECF No. 6) be **GRANTED** and Plaintiff's Motion for Summary Judgment (ECF No. 16) be **DENIED.**[1]

**1. Background**

On November 24, 2009, Plaintiff filed a Charge of Discrimination with the EEOC against South Arkansas Developmental Center for Children and Families, Inc. ("SADCCF"). ECF No. 1,

---

[1] As outlined in greater detail in this opinion, this Court recommends Defendant's Motion to Dismiss be granted. Therefore, this Court will not address Plaintiff's Motion for Summary Judgment any further in this opinion.

1

Page 11. On November 30, 2009, the EEOC dismissed Plaintiff's case and stated he was permitted to file suit within ninety (90) days of this dismissal and notice of rights. *Id.* at 12. Thereafter, on February 10, 2010, Plaintiff filed his *pro se* complaint in this case. Plaintiff brought this action against Defendant SADCCF. ECF No. 1.

Based upon the complaint, it appears Plaintiff was hired as a bus driver for SADCCF on February 15, 2008. *Id.* at 11. Throughout 2009, he had several conflicts with another employee of SADCCF. *Id.* at 4-12. This other employee was a female. *Id.* On or around May 16, 2009, Plaintiff was arrested for stalking this female employee. *Id.* at 8. Plaintiff remained in jail until at least May 20, 2009. *Id.* at 9. Plaintiff was subsequently fired from SADCCF on May 20, 2009. *Id.* at 11.

In his complaint, Plaintiff alleged he was fired in violation of Title VII of the Civil Rights Act. *Id.* He "checked the box" on the complaint form stating he was discriminated against due to his "sex." *Id.* Specifically, Plaintiff claims he was discriminated against due to his sex both by being terminated and by having to endure a "hostile work environment." *Id.* at 2.

Plaintiff described the "hostile work environment" as follows:

> Employer failed to separate a co worker and i who was having problems working one on one situations and stated that my stated that my statement was not as plausible as a female's. this led to a hostile work environment severe emotional distress job loss and arrest. i asked employer to separate this coworker several times they didn't do this i tried to fix the problem myself.

*Id.* at 2.

On April 20, 2010, Defendant filed the present Motion to Dismiss (ECF No. 6), claiming Plaintiff's case should be dismissed because he "does not state a claim upon which relief can be granted under Title VII of the Civil Rights Act." Defendant claims Plaintiff was not terminated because of his sex. *Id.* Instead, Defendant claims Plaintiff was terminated because he "was unable

to attend work due to being incarcerated for stalking a co-worker." *Id.*

Further, Defendant argues that Plaintiff cannot establish that he suffered from "hostile work environment harassment." *Id.* Defendant states that to suffer from such harassment, Plaintiff must demonstrate that he suffered sex-based harassment by his female co-worker. *Id.* Defendant argues that this co-worker did not harass Plaintiff *due to his sex. Id.* Instead, both he and this female co-worker experienced mutual problems working together that were wholly unrelated to their sex. *Id.* Therefore, as Defendant argues, Plaintiff cannot establish "hostile work environment harassment." *Id.*

## 2. Applicable Law

Pursuant to FED. R. CIV. P. 12(b)(6), a case may be dismissed if the plaintiff fails to "state a claim upon which relief can be granted." In assessing whether a plaintiff has failed to state a claim, a court should first presume the facts as stated are true. *See Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949-50 (2009).

Second, a court must determine whether the plaintiff pleads factual content that allows the court to draw the reasonable inference "that the defendant is liable for the misconduct alleged." *Id.* Dismissal is not proper when the factual allegations in a complaint, which are assumed to be true, are sufficient to state a claim to relief that is plausible on its face. *See Hawks v. J.P. Morgan Chase Bank,* 591 F.3d 1043, 1049 (8th Cir. 2010) (internal quotations and citations omitted).

## 3. Discussion

Plaintiff claims he was discriminated against in two ways in violation of Title VII of the Civil Rights Act: (1) by being terminated due to his sex and (2) by having to suffer from a hostile work environment. This Court will address both of Plaintiff's claims of discrimination.

### A. Termination Due to Sex

In his complaint, Plaintiff states he was terminated in violation of the sex discrimination provisions of Title VII of the Civil Rights Act. ECF No. 1, Pages 1-2. Plaintiff alleges this by "checking the box" on the standard complaint for discrimination. *Id.* In the substance of the complaint, however, Plaintiff attaches a document where he states that he was terminated because he was "in jail and could not work." *Id.* at 9. Plaintiff also made a similar statement at the hearing in this matter whereby he stated he was terminated because he was "in jail."

Indeed, there is only one substantive part of his complaint which could arguably be interpreted as a claim that he was terminated due to his sex and not due to the fact he was in jail. Specifically, Plaintiff stated in his complaint that his employer did not find his "statement" was "as plausible as a female's [his co-worker's]." Presumably, because Plaintiff's employer did not find his statement as plausible as her statement, he was fired.

In making this argument, however, Plaintiff was referring to his second claim–a hostile work environment–and he was not referring to his claim that he was *terminated* due to his sex. After a careful review of the complaint in this case, this Court can find no other allegation from Plaintiff that he was terminated due to his sex. As noted above, the only reason Plaintiff provides for being terminated was that he was "in jail." Accordingly, this Court recommends that Plaintiff's allegation that he was terminated in violation of Title VII of the Civil Rights Act due to his sex be **DENIED.**

### B. Hostile Work Environment

Plaintiff also alleges he was discriminated against in violation of Title VII of the Civil Rights Act because he was forced to endure a "hostile work environment." As noted above, Plaintiff alleges his "hostile work environment" resulted from his employer's failure to separate himself and his

female co-worker. ECF No. 1, Page 2. He claims in the complaint that because his employer did not separate himself and his co-worker, he had to "fix the problem my self." *Id.* In addition to the claims in the complaint, Plaintiff stated at the hearing in this matter that his way to "fix the problem my self" was to go to his co-worker's house and attempt to address the problem.[2] Ultimately, this led to his arrest for stalking and subsequent termination from SADCCF.

To state a claim for sex discrimination due to a "hostile work environment," a claimant must establish the following: (1) membership in a protected group; (2) the occurrence of unwelcome harassment; (3) a causal nexus between the harassment and the person's membership in the protected group; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take prompt and effective remedial action. *See Carter v. Chrysler Corp.,* 173 F.3d 693, 700 (8th Cir. 1999).

In the present action, Plaintiff meets the first requirement of being in "a protected group" because he is a man. Based upon the information presented in the complaint regarding the frequent disputes between himself and the female co-worker, Plaintiff has arguably also established that he suffered from "unwelcome harassment." Plaintiff, however, has provided no evidence demonstrating a "causal nexus between the harassment and the person's membership in the protected group." Plaintiff does not allege, and no evidence indicates, that he was harassed *because he was a man.* Indeed, the exhibits and attachments he presented as a part of his complaint indicates that the disputes between himself and his female co-worker were mutual and entirely unrelated to his sex.

---

[2] Plaintiff is proceeding *pro se* in this matter. At the hearing regarding the Motion to Dismiss, Plaintiff argued on his own behalf. No testimony was taken.

Additionally, Plaintiff cannot establish that this alleged "harassment" "affected a term, condition, or privilege of employment." As Plaintiff stated in his complaint and testified at the hearing, he was terminated because he was "in jail" and was unable to go to work. Based upon his statement of his claim, his termination was not related to this alleged harassment. Further, Plaintiff has offered no "term, condition, or privilege of employment" that was impacted due to this alleged harassment. Plaintiff merely claims that, because he was required to work with this female co-worker, he had frequent disputes with her which led to on-the-job tension, forced him to come to her house to discuss the problems, and led to his arrest. This allegation–even if true–does not relate to a "term, condition, or privilege of employment." Accordingly, this Court recommends that Plaintiff's allegation that he was forced to endure a hostile work environment in violation of Title VII of the Civil Rights Act be **DENIED.**

**4. Conclusion**

Based upon the foregoing, this Court recommends that Defendant's Motion to Dismiss (ECF No. 6) be **GRANTED** and Plaintiff's Motion for Summary Judgment (ECF No. 16) be **DENIED.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

ENTERED this 7th day of October, 2010.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE